**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**EMMANUEL CAYEMITTES,**

                          **Plaintiff,**          **MEMORANDUM AND ORDER**

          **-against-**                             **15-CV-2364 (WFK)**

**THE CITY OF NEW YORK, et al.**

                          **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Emmanuel Cayemittes ("plaintiff") filed this civil rights action on April 27, 2015, charging the City of New York and several police officers (collectively, "defendants") with false arrest and imprisonment, as well as related claims, in violation of 42 U.S.C. § 1983. In an order dated July 21, 2015, this Court scheduled an initial conference, ordered the parties to exchange automatic disclosures, and authorized the parties to conduct additional discovery in the interim. See Scheduling Order (July 21, 2015) at 2, Electronic Case Filing Docket Entry ("DE") #10. Thereafter, at the initial conference, the Court established a discovery schedule, giving the parties until March 29, 2016 to complete fact discovery. See Minute Entry (Sept. 29, 2015), DE #11.

Currently pending before this Court is plaintiff's motion for an order compelling defendants to provide a substantive response to plaintiff's Interrogatory No. 3, wherein plaintiff asked defendants to "[i]dentify all crimes, offenses, and unlawful conduct for which defendants are claiming they had probable cause to arrest plaintiff at the time of the Arrest, and for each such crime or offense, set forth the applicable statutory code or provision." First

Motion to Compel (Dec. 10, 2015) ("Pl. Motion") at 1, DE #17 (quoting from Ex. 1 to Pl.

Motion). In their "Objection and Response" to that interrogatory, defendants stated as

follows:

> Defendants object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overly broad, and compound, and to the extent that it seeks legal conclusions. Defendants further object to this interrogatory to the extent it seeks information that is protected by the work product doctrine or other applicable privileges or otherwise seeks discovery of legal strategy and/or trial preparation. Subject to and without waiving or in any way limiting these objections or defendants' General Objections, defendants refer plaintiff to their initial disclosures served on October 13, 2015, as supplemented on October 29, 2015, and pursuant to Fed. R. Civ. P. 33(d) to the documents identified with Bates Nos. DE 000001 to DE 000138 for responsive information. In particular, defendants refer plaintiff to the police paperwork, district attorneys' office documents, and criminal court documents that they have produced. As discovery is ongoing, defendants will supplement this response if and when additional information becomes available and expressly reserve their right to do so.

Ex. 1 to Pl. Motion.

Defendants' opposition to plaintiff's motion to compel expands upon their laundry list of objections, complaining that "defendants' contentions are not fully formulated at this time[,]" and that "[t]o fully respond to the interrogatory at this point would present an insurmountable burden." Response in Opposition (Dec. 17, 2015) ("Def. Opp.") at 1, DE #20. They object to what they characterize as "discovery of defense counsel's thinking and mental impressions about the evidence," id. at 2, through a premature "contention interrogatory," id. at 3.

For the reasons that follow, the Court overrules defendants' objections and grants

plaintiff's motion to compel a substantive response to Interrogatory No. 3.

## DISCUSSION

As plaintiff has correctly noted, an almost identical interrogatory was the subject of a successful motion to compel filed in another section 1983 action commenced in this district by the same attorney: to wit, Covington v. City of New York, 14 CV 1856 (JBW)(CLP). See Pl. Motion at 2; see also Letter (Dec. 11, 2015), DE #18 (providing corrected docket number for Covington). In response to the motion in Covington, counsel for the City defendants in that case similarly argued that the interrogatory at issue (i.e., Interrogatory No. 7) was a premature contention interrogatory; complained vaguely about unspecified "undue burdens"; and referred plaintiff to the underlying arrest records, which had previously been produced. See Response in Opposition (Sept. 2, 2014) at 3, DE #15 in Covington v. City of New York, 14 CV 1856 (JBW)(CLP). Magistrate Judge Pollak overruled the defendants' objections and ordered them to respond to the interrogatories "by indicating whether they are aware at this time of any other basis for probable cause to arrest plaintiff[,]" apart from the offenses for which the plaintiff was criminally charged. See Order Granting [Motion to Compel] (Oct. 10, 2014) at 2, DE #26 in Covington v. City of New York, 14 CV 1856 (JBW)(CLP). Judge Pollak added that defendants would be "permitted to supplement the answer should new information arise during defendants' investigation." Id.

Defendants' attempt to downplay the import of Covington is unavailing. Defendants emphasize that Judge Pollak's Order in Covington "permitted [defendants] to supplement their response" and, they contend "required no more than defendants have already done in the

present case." Def. Opp. at 4 (citation omitted). But to the extent that defendants have in fact already identified all known bases for probable cause, then they should simply say so, rather than proffering makeweight objections based on undue burden and invasion of defense counsel's thought processes.

In their July 20th Answer to plaintiff's Complaint, defendants specifically alleged, in their Sixth Affirmative Defense, that "[t]here was probable cause to arrest plaintiff." Answer ¶ 63 (July 20, 2015), DE #9. Defendants reasserted that conclusory affirmative defense in the Amended Answer they filed last week. See Amended Answer ¶ 65 (Dec. 23, 2015), DE #21. Interrogatory No. 3 simply demands that defendants provide "basic information that, in fairness, should be disclosed promptly . . . ." Foti *ex rel*. Louisiana v. Eli Lilly & Co., No. 05-CV-1455(JBW), 2008 WL 2858617, at *2 (E.D.N.Y. July 22, 2008). Even assuming that plaintiff's inquiry constitutes a contention interrogatory, "[u]nlike the Southern District of New York, which has adopted a local rule that defers contention interrogatories until the conclusion of discovery, this district has no *per se* rule prohibiting contention interrogatories in the early stages of discovery." Id. at *1 (footnote omitted); accord Distefano v. Law Offices of Barbara H. Katsos, No. CV 11-2893(JS)(AKT), 2013 WL 1339536, at *3 (E.D.N.Y. Mar. 29, 2013). While Eastern District courts have sustained objections to burdensome contention interrogatories served early in discovery, see generally Distefano, 2013 WL 1339536, at *3; Linde v. Arab Bank, PLC, No. CV-04-2799(NG)(VVP), 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012); Foti, 2008 WL 2858617, at *1, the interrogatory at issue here is neither burdensome nor served early in discovery. Defendants injected the

probable cause issue into the case more than six months ago and, in accordance with the Court's July 21st Scheduling Order, the parties were directed to commence discovery, which is now scheduled to be completed in three months. By no stretch of the imagination can it be said that plaintiff's interrogatory is premature, particularly with a settlement conference scheduled for a few weeks from now.

Accordingly, consistent with Covington and Nimkoff v. Dollhausen, 262 F.R.D. 191, 195 (E.D.N.Y. 2009), defendants are directed to provide a substantive, supplemental response to Interrogatory No. 3 by January 7, 2016. Suffice it to say, defendants have the obligation -- not the right -- to promptly supplement or correct their response should they learn that the response "in some material respect . . . is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1)(A).

**SO ORDERED.**

**Dated: Brooklyn, New York**
**December 29, 2015**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**