

**THE CITY OF NEW YORK**

ZACHARY W. CARTER
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
*212-356-2355*
*Facsimile: (212) 356-3509*
*sscharfs@law.nyc.gov*

March 1, 2016

Honorable William F. Kuntz *(by ECF)*
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: <u>Cayemittes v. City of New York, et al.</u>, 15 CV 2364 (WFK) (RLM)

Dear Judge Kuntz:

    I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for defendants City of New York, Hugo Ortega, and Sophia Carson in the above-referenced action. I write pursuant to Your Honor's Individual Rules to briefly set forth defendants' position with regard to plaintiff's motion for leave to file his proposed Second Amended Complaint in advance of the conference set for tomorrow at 1:00 p.m.

    Defendants do not consent to the proposed amendment for the following reasons: plaintiff's derivative claims for municipal liability against the City pursuant to <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978), do not state a claim for relief and would therefore be futile; the amendment, if permitted at this late stage, would be prejudicial to defendants.[1] As set forth below, the motion should be denied.

    As an initial matter, leave to amend should be denied where the proposed amendment would be futile, if there has been undue delay, bad faith, or dilatory motive, or where defendants would suffer undue prejudice. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Jin v. Metro. Life Ins.</u>, 310 F.3d 84, 1001 (2d Cir. 2002) (citations omitted). A proposed amendment is futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). <u>Oneida Indian Nation v. City of Sherrill</u>, 337 F.3d 139, 168 (2d Cir. 2003), <u>rev'd on other grounds</u>, 544 U.S. 197 (2005). To survive a motion to dismiss for failure to state a claim, plaintiff must satisfy the "facial plausibility"

---

[1] Contrary to plaintiff's contentions, I did not advise him of defendants' position because I understood that counsel for co-defendant Munoz was conferring with plaintiff's counsel concerning certain personal and sensitive allegations advanced by plaintiff, and that a "meet and confer" among all counsel would take place thereafter.

pleading standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, prejudice to the opposing party arises where the non-moving party would be required to expend significant additional resources or where the amendment would significantly delay the resolution of the dispute. Cartier v. Four Star Jewelry Creations, 2004 U.S. Dist. LEXIS 989 at *7-8 (S.D.N.Y. Jan. 28, 2004) (citing Block v. First Blood Assocs., 988 F. 2d 344, 350 (2d Cir. 1993).

Plaintiff's purported claims for municipal liability does not state a viable claim for relief, as he does not satisfy the pleading standard to articulate a Monell claim. See, e.g., Missel v. County of Monroe, 2009 U.S. App. LEXIS 24120 at *4 (2d Cir. Nov. 4, 2009) (threadbare references to policies, practices, and customs are insufficient). Further, plaintiff relies on alleged "prior bad acts" that are dissimilar in nature to the alleged wrongdoing involving plaintiff and are therefore unavailing. To the extent that he also relies on unsubstantiated complaints and lawsuits that settled or otherwise did not result in a finding of liability, the courts have found that these do not support a claim for municipal liability. See, e.g., Simms v. City of New York, 480 Fed. App'x 627, 2012 U.S. App. LEXIS 9819, at * 7 (2d Cir. 2012) (citing to another civil lawsuit does not state a claim for municipal liability because the fact of the lawsuit shows only that the allegation was made, "not that those violations actually occurred"); In re CRM Holdings, Ltd., No. 10 Civ. 975 (RPP), 2012 U.S. Dist. LEXIS 66034, at *78 (S.D.N.Y. May 10, 2012) ("Plaintiffs' citation to 'unproven allegations' made in [other] complaints do not constitute factual allegations."). To the extent the he attempts to rely on the internal investigation of the incident, any perceived flaws in that investigation – which took place during the months after the underlying incident – could not have been the "moving force" behind any constitutional violation that was the cause of plaintiff's injuries and therefore does not support a Monell theory of liability. For these reasons, the proposed new claim is legally defective. To the extent that plaintiff has failed to plead facts that give rise to a plausible inference that the City violated one or more of his rights, Iqbal, 556 U.S. at 678, his proposed amended complaint is legally insufficient and should be dismissed at this stage.

Additionally, allowing plaintiff's proposed new complaint would significantly delay the resolution of this action. The fact discovery period is set to close on March 29, 2016. With less than thirty days remaining, plaintiff has yet even to update his Rule 26(a)(1) disclosures to identify, inter alia, the witnesses and documents on which he intends to rely, so that defendants may have a full and fair window in which to ascertain the factual bases, if any, for his claims and contentions. Nor has plaintiff offered a viable plan in which he will produce Monell discovery in the operative time frame. With all this, there is seemingly no reason why plaintiff could not have conducted his investigation into the underlying facts to ascertain the information that now appears in his proposed amended complaint, as nearly two years have passed since the date of the April 4, 2014 underlying incident.[2] The delay at plaintiff's end should not work to defendants' prejudice.

As the Court is no doubt aware, discovery concerning claims of municipal liability is typically a lengthy, burdensome, and protracted process, and frequently requires retaining multiple expert witnesses. It would be unfair to defendants and also unreasonable to compress this process within the current schedule. This approach also would entail and

---

[2] Plaintiff contends that he was unaware of the underlying facts until recently. Declaration of Michael Lumer dated February 23, 2016 ("Lumer Decl."), at ¶ 2. He offers, however, no explanation.

substantial expenditure of the time and resources of the Court and the parties. If the Court were to permit the amendment, defendants would have no choice but to move to bifurcate Monell issues, an approach that is favored by the courts in this Circuit. Mineo v. City of New York, 09 CV 2261 (RRM) (MDG) 2013 U.S. Dist. LEXIS 46953, at *4 (E.D.N.Y. Mar. 29, 2013). However, even a motion to bifurcate likely will not be briefed and resolved within the discovery schedule. All of this is potentially a waste of resources particularly where, as here, plaintiff has yet to prove the merits of his allegations concerning the discrete and underlying incident that gives rise to, at best, limited damages. On the above basis, plaintiff's proposed new complaint shows no promise of succeeding on the law or the facts, and his motion to amend should be denied as both futile and prejudicial.

Lastly, defendants wish to bring to the Court's attention that the City, as the employer of co-defendant Adan Munoz, shares his concerns about the fact that plaintiff has placed sensitive, damaging, and potentially inflammatory allegations concerning an individually-named defendant – who is also a law enforcement officer – in the public record, notwithstanding that defendatns' concerns were brought to his attention and he was asked to seek the Court's permission to file provisionally under seal at least until such time as the Court could consider the parties' positions. Defendants object to this public filing in these circumstances ask that the Court address this matter at the March 1, 2016 conference.[3]

                                                Respectfully submitted,

                                                /s/

                                                Susan P. Scharfstein

cc:    Michael Lumer, Esq. *(by ECF)*
         Walter A. Kretz, Jr. *(by ECF)*

---

[3] Additionally, it appears that some facts set forth in plaintiff's moving papers may be inaccurate. For example, plaintiff contends that defendant Munoz has given sworn testimony that he did not punch plaintiff. Lumer Decl. at ¶ 5. However, plaintiff has not produced any such sworn testimony in discovery to date, notwithstanding that Rule 26(a)(1) and defendants' written discovery requests served months ago clearly call for the identification and production of any such materials. To the extent that plaintiff cannot support those contentions, they should, at a minimum, be withdrawn.